UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. BRUMFIELD,<br><br>    Petitioner,<br><br>  v.<br><br>MATHEW CATE, warden,<br><br>    Respondent.                / | No. C 09-4914 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

John Brumfield, a prisoner currently in custody at the Gabilan Conservation Camp, filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. Brumfield has opposed the motion. The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

Pursuant to a plea agreement, Brumfield pled no contest to robbery and false imprisonment in Santa Clara County Superior Court on March 29, 2005. On May 12, 2005, he was sentenced to a nine-year prison term. Brumfield did not appeal.

About three years after he was sentenced, he filed the first of his six state habeas petitions. His habeas petition in the Santa Clara County Superior Court was filed on July 2, 2008, and denied on July 23, 2008. His habeas petition in the California Court of Appeal was filed on October 1, 2008, and denied on October 10, 2008. Brumfield then filed two additional habeas petitions in the Santa Clara County Superior Court on December 26, 2008;

the first was denied on January 5, 2009, and the second was denied on January 14, 2009. In one of the December 26, 2008 habeas petitions, Brumfield notified the court that his abstract of judgment incorrectly added a year to his robbery count and stayed a year of his enhancements, causing no change to the total number of years. The court issued an order correcting this clerical error on January 14, 2009. Next, Brumfield filed a second habeas petition in the California Court of Appeal on February 6, 2009; it was denied on February 17, 2009. His habeas petition in the California Supreme Court was filed on April 3, 2009, and denied on August 19, 2009.

Brumfield then filed this action. His federal petition was signed on October 5, 2009, and was stamped "filed" on October 15, 2009. For purposes of the present motion, the court assumes that Brumfield put the petition in the prison mail the day he signed it and uses that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Brumfield's limitations period had the ordinary starting date, i.e., the date on which his conviction became final after the time to seek direct review expired. Because Brumfield did not appeal his conviction, his judgment became final on July 11, 2005, which was sixty days after his sentencing. See Cal. Rule Court 8.308(a). The presumptive deadline for Brumfield to file his federal petition therefore was July 11, 2006.

1    Brumfield contends that his judgment actually became final on a later date, i.e.,
2  January 7, 2009, when the state superior court amended the abstract of judgment to reflect his
3  sentence accurately.  This amendment came about from his December 26, 2008 habeas
4  petition, when he alerted the court to the error.  The correction of this clerical error was not
5  the result of any judicial evaluation or change in judgment, so it was not a new final
6  judgment.  In California, a court has "the inherent power to correct clerical errors in its
7  records so as to make these records reflect the true facts."  In re Candelario, 3 Cal.3d 702,
8  705 (1970).  The error in Brumfield's case was a clerical one, as it was made in recording,
9  not rendering, the judgment.  Id.; See also People v. Anderson, 117 Cal.3d 654 (1981)
10 (classifying the correction of an abstract of judgment to reflect the correct sentence as
11 correction of a clerical error).   A court of general jurisdiction has power, even after final
12 judgment, and even during an appeal or habeas proceeding,  to correct clerical errors.  Ex
13 parte Roberts, 200 Cal.App.2d 97 (1962).  Because the amendment in Brumfield's case was a
14 correction of a clerical error, the correction was not and could not have been used to change
15 the effect of the original judgment, so it in no way created a new final judgment.  Candelario,
16 3 Cal.3d at 705.  Therefore, the correction of the abstract to reflect the true sentence was not
17 a new final judgment that would result in a later starting date for the limitations period.

18    Brumfield points to Jimenez v. Quarterman, 129 S. Ct. 681, 686 (2009) to show that
19 the AEDPA time limit began anew upon this amendment, but this case does not apply.   The
20 rule of Jimenez only applies to reset the AEDPA clock when a state court grants the
21 defendant the right to file an out-of-time direct appeal during state collateral review, but
22 before he has first petitioned for federal habeas.  Id.  These are not the facts of Brumfield's
23 case.

24    Brumfield's one year limitations period started when the deadline to appeal expired,
25 rather than three years later when the abstract of judgment was corrected.  Therefore,
26 Brumfield missed the deadline to file his habeas petition by about 40 months, so unless he is
27 entitled to tolling, his petition was very untimely.

28    The one-year limitations period will be tolled for the "time during which a properly

3

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Brumfield's first state habeas petition was not filed until July 2008, which was long after the one-year limitations period had ended.  His state habeas in 2008-2009 had no tolling effect because the limitations period had ended almost two years earlier.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Brumfield neither contends, nor presents any facts that indicate, equitable tolling is warranted in this case.

Brumfield's federal petition was filed about forty months after the one-year deadline for filing a federal habeas petition to challenge the conviction.  The petition is untimely.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 8.)  The petition is dismissed because it was not filed before the expiration of the statute of limitations period. Petitioner's motion for extension of time to file his opposition is GRANTED.  (Docket #9.) The opposition brief is deemed to have been filed on time.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: June 4, 2010

Marilyn Hall Patel
United States District Judge