UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. BRUMFIELD, | No. C 09-4914 MHP (pr) |
| Petitioner, | **ORDER** |
| v. | |
| MATHEW CATE, warden, | |
| Respondent. | |

Petitioner filed a notice of appeal and attached to it a declaration explaining his delay and asking for an extension of the deadline to appeal. The court construes the declaration to be a request for extension of time to file the notice of appeal.

The action was dismissed and judgment was entered on June 4, 2010. Petitioner's notice of appeal and request for extension of time were dated August 24, 2010; were mailed in an envelope post-marked August 27, 2010; and were stamped "filed" on August 30, 2010. Because he is a prisoner proceeding pro se the request for extension of time is deemed to have been filed on August 24, 2010, the earliest day he would have put the document in the prison mail box. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Using August 24, 2010 as the filing date means that his request for an extension of time was filed 81 days after the judgment was entered. Petitioner explains that the mail was "rerouted" and he received it "about a week later" than an unstated date when he was at a facility without access to a law library; that he was later put in administrative segregation from August 17 - 20, 2010 and then was transferred to the Sierra Conservation Center on August 20, 2010, without his legal material.

The request for extension of time to file a notice of appeal is DENIED. The request

1  filed 81 days after entry of judgment was simply too late for the court to grant an extension
2  of time under Federal Rule of Appellate Procedure 4(a)(5).  The request also fails to show
3  that he has satisfied the conditions necessary for the court to permit the time to file an appeal
4  to be reopened under Federal Rule of Appellate Procedure 4(a)(6).  Specifically, because
5  Brumfield did not state the date on which he received the judgment, the court cannot
6  determine that he has satisfied the criteria in Rule 4(a)(6)(A) or Rule 4(a)(6)(B). For these
7  reasons, the court cannot extend the deadline to appeal or reopen the time to appeal.
8         The notice of appeal is construed to include a request for a certificate of appealability.
9  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The certificate of appealability is DENIED
10 because petitioner has not demonstrated that "jurists of reason would find it debatable
11 whether the petition states a valid claim of the denial of a constitutional right and that jurists
12 of reason would find it debatable whether the district court was correct in its procedural
13 ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).
14        The clerk shall forward to the court of appeals the case file with this order.  See
15 United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).
16        IT IS SO ORDERED.
17 DATED: November 17, 2010
                                                        _____
18                                                      Marilyn Hall Patel
                                                        United States District Judge